1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON FAVOR-EL,                    1:15-cv-01864-MJS (PC)

12              Plaintiff,

13        v.                              ORDER TRANSFERRING CASE TO THE
                                          CENTRAL DISTRICT OF CALIFORNIA
14   SAVANNAH GUTHRY, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18   to 42 U.S.C. § 1983.

19        The federal venue statute requires that a civil action, other than one based on

20   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant

21   resides, if all defendants reside in the same state, (2) a judicial district in which a

22   substantial part of the events or omissions giving rise to the claim occurred, or a

23   substantial part of the property that is the subject of the action is situated, or (3) a judicial

24   district in which any defendant may be found, if there is no district in which the action

25   may otherwise be brought." 28 U.S.C. § 1391(b).

26        In this case, none of the defendants reside in this district.  The claim arose in Los

27   Angeles County, which is in the Central District of California.  Therefore, plaintiff's claim

28   should have been filed in the United States District Court for the Central District of

California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   <u>January 11, 2016</u>           <u>/s/ *Michael J. Seng*</u>

UNITED STATES MAGISTRATE JUDGE